**Affirmed as Modified and Opinion Filed December 6, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00426-CR**

**No. 05-23-00427-CR**

**No. 05-23-00428-CR**

**No. 05-23-00429-CR**

**No. 05-23-00431-CR**

**DIEGO NICHOLAS FRANCIS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F20-38308-U; F20-38311-U; F20-38312-U; F20-38313-U; F20-38314-U**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Goldstein, and Miskel
Opinion by Justice Partida-Kipness

A jury convicted Appellant Diego Nicholas Francis on five counts of possession of child pornography and assessed punishment at five years' imprisonment in each case. In a single issue on appeal, Francis contends the judgment in each case should be modified to reflect his guilty plea. The State agrees. Accordingly, we sustain Francis's sole issue and modify the judgments to reflect

Francis's guilty pleas. We also modify the judgments to include the victims' ages as required by the sex-offender registration statutes. As modified, we affirm.

## BACKGROUND[1]

Irving Police received a tip from the National Center for Missing and Exploited Children regarding the download and sharing of child pornography on a popular social media application. Upon investigation, the police traced the activity to an IP address and account belonging to Francis. Police obtained a search warrant for Francis's residence and the electronic devices therein. Police later extracted several thousand images and hundreds of videos from one of Francis's cell phones. Investigators determined that most of the images and videos contained child pornography.

Francis was arrested and indicted on five counts of possession of child pornography, a third-degree felony. *See* TEX. PENAL CODE § 43.26. The cases were tried together. In each case, Francis pleaded guilty, and the jury returned a guilty verdict as instructed by the trial court. The jury then heard evidence during the punishment phase of trial. The State presented evidence from the police investigators regarding each offense. Francis testified in his defense, as did several of his family members and friends. After hearing the evidence, the jury assessed punishment at five years' imprisonment in each case. This appeal followed.

---

[1] Because Francis does not challenge the sufficiency of the evidence or raise any issues that require a detailed recitation of the underlying facts, we provide limited background information. *See* TEX. R. APP. 47.1.

## ANALYSIS

In a single issue, Francis asks this Court to modify each judgment to reflect his guilty plea. The State agrees with this request, as do we.

This Court may modify the trial court's judgment to make the record speak the truth when it has the necessary data and information to do so. TEX. R. APP. P. 43.2(b); *Asberry v. State*, 813 S.W. 2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd).

As indicated, Francis pleaded guilty in each case. However, each judgment reflects a plea of "not guilty." Accordingly, we sustain Francis's sole issue and modify each judgment to reflect Francis's guilty plea. *See Castillo v. State,* No. 05-22-01221-CR, 2023 WL 8733045, at *1–2 (Tex. App.—Dallas Dec. 18, 2023, no pet.) (mem. op., not designated for publication) (modifying the judgment to reflect defendant's correct plea of not guilty).

Furthermore, possession of child pornography is an offense subject to the sex-offender registration requirements of Chapter 62. TEX. CODE CRIM. PROC. arts. 62.001(5)(B), 62.051(a). When sex-offender registration is required, the judgment must contain (1) a statement that the registration requirement of Chapter 62 of the Code of Criminal Procedure applies to the defendant, and (2) a statement of the age of the victim. *Id*. art. 42.01, § 1(27). Here, the judgments reflect Francis is required to register as a sex offender, but they do not include the victims' ages. Trial evidence indicates the child victims in the pornography were between four and eight years old. Accordingly, we modify each judgment to reflect the victim's age. *See*

*Floressanchez v. State*, No. 05-22-01073-CR, 2023 WL 6457326, at \*5 (Tex. App.—Dallas Oct. 4, 2023, no pet.) (mem. op., not designated for publication) (modifying judgment to reflect the age of the victim pursuant to the sex-offender registration requirements).

It is incumbent on the trial court and the district clerk's office to issue judgments that properly reflect what occurred in any given case. *See* TEX. CODE CRIM. PROC. art. 42.01 (setting out required provisions of a criminal judgment). It is also incumbent on counsel to review judgments for any errors and seek to correct such errors while the trial court retains plenary power so that accurate judgments can be prepared. This Court should not be tasked with correcting trial courts' judgments time and time again.

**CONCLUSION**

The trial court judgments erroneously state Francis pleaded "not guilty" in each case. Accordingly, we modify each judgment in Cause Numbers F20-38308-U, F20-38311-U, F20-38312-U, F20-38313-U, and F20-38314-U as follows:

- Under the section "Plea to Offense," "Not Guilty" is modified to "Guilty."

The trial court judgments also fail to include the victims' ages as required by the sex-offender registration statutes. Therefore, we further modify the judgments as follows:

- In Cause Number F20-38308-U, the statement "The age of the victim at the time of the offense was N/A" is modified to read "The age of the victim at the time of the offense was five to six years old."

–4–

- In Cause Number F20-38311-U, the statement "The age of the victim at the time of the offense was N/A" is modified to read "The age of the victim at the time of the offense was six to eight years old."

- In Cause Number F20-38312-U, the statement "The age of the victim at the time of the offense was N/A" is modified to read "The age of the victim at the time of the offense was six to eight years old."

- In Cause Number F20-38313-U, the statement "The age of the victim at the time of the offense was N/A" is modified to read "The age of the victim at the time of the offense was four to five years old."

- In Cause Number F20-38314-U, the statement "The age of the victim at the time of the offense was N/A" is modified to read "The age of the victim at the time of the offense was four to six years old."

As modified, we affirm the judgments of the trial court. The trial court is directed to prepare corrected judgments that reflect the modifications made in this Court's opinion and judgments. *See Shumate v. State*, 649 S.W.3d 240, 245–46 (Tex. App.—Dallas 2021, no pet.).

230426f.u05
230427f.u05                           /Robbie Partida-Kipness/
230428f.u05                           ROBBIE PARTIDA-KIPNESS
230429f.u05                           JUSTICE
230431f.u05
Do Not Publish
Tex. R. App. P. 47.2(b)

–5–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DIEGO NICHOLAS FRANCIS, Appellant

No. 05-23-00426-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial District Court, Dallas County, Texas Trial Court Cause No. F20-38308. Opinion delivered by Justice Partida-Kipness. Justices Goldstein and Miskel participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

- Under the section "Plea to Offense," "Not Guilty" is modified to "Guilty."

- The statement "The age of the victim at the time of the offense was N/A" is modified to read "The age of the victim at the time of the offense was five to six years old."

As **REFORMED**, the judgment is **AFFIRMED**.

We **DIRECT** the trial court to prepare a corrected judgment that reflects the modifications made in this Court's opinion and judgment.

Judgment entered this 6th day of December, 2024.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DIEGO NICHOLAS FRANCIS, Appellant

No. 05-23-00427-CR    V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial District Court, Dallas County, Texas Trial Court Cause No. F20-38311. Opinion delivered by Justice Partida-Kipness. Justices Goldstein and Miskel participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

- Under the section "Plea to Offense," "Not Guilty" is modified to "Guilty."

- The statement "The age of the victim at the time of the offense was N/A" is modified to read "The age of the victim at the time of the offense was six to eight years old."

As **REFORMED**, the judgment is **AFFIRMED**.

We **DIRECT** the trial court to prepare a corrected judgment that reflects the modifications made in this Court's opinion and judgment.

Judgment entered this 6th day of December, 2024.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

DIEGO NICHOLAS FRANCIS, Appellant

No. 05-23-00428-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial District Court, Dallas County, Texas Trial Court Cause No. F20-38312. Opinion delivered by Justice Partida-Kipness. Justices Goldstein and Miskel participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

- Under the section "Plea to Offense," "Not Guilty" is modified to "Guilty."

- The statement "The age of the victim at the time of the offense was N/A" is modified to read "The age of the victim at the time of the offense was six to eight years old."

As **REFORMED**, the judgment is **AFFIRMED**.

We **DIRECT** the trial court to prepare a corrected judgment that reflects the modifications made in this Court's opinion and judgment.

Judgment entered this 6th day of December, 2024.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DIEGO NICHOLAS FRANCIS,
Appellant

No. 05-23-00429-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F20-38313.
Opinion delivered by Justice Partida-
Kipness. Justices Goldstein and
Miskel participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

- Under the section "Plea to Offense," "Not Guilty" is modified to "Guilty."

- The statement "The age of the victim at the time of the offense was N/A" is modified to read "The age of the victim at the time of the offense was four to five years old."

As **REFORMED**, the judgment is **AFFIRMED**.

We **DIRECT** the trial court to prepare a corrected judgment that reflects the modifications made in this Court's opinion and judgment.

Judgment entered this 6th day of December, 2024.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

DIEGO NICHOLAS FRANCIS,
Appellant

No. 05-23-00431-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F20-38314.
Opinion delivered by Justice Partida-
Kipness. Justices Goldstein and
Miskel participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**MODIFIED** as follows:

- Under the section "Plea to Offense," "Not Guilty" is modified to "Guilty."

- The statement "The age of the victim at the time of the offense was N/A" is modified to read "The age of the victim at the time of the offense was four to six years old."

As **REFORMED**, the judgment is **AFFIRMED**.

We **DIRECT** the trial court to prepare a corrected judgment that reflects the modifications made in this Court's opinion and judgment.


Judgment entered this 6th day of December, 2024.